LEWIS REALTY ASSOCIATES, INC
vs.
David LAFFERTY, et al[1]

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

December 22, 1980

Janice Robbins for the plaintiff.
Robert E. Allen for the defendant.

[1]The other defendant is Sandra Lafferty

Present: Lee, P.J., Welsh, J. and Black, J.

**WELSH, J.** This is a civil action sounding in contract for the recovery of a commission alleged to be due to the plaintiff as a real estate broker, based upon an alleged exclusive listing agreement entered into between the parties.

The defendant's answer admitted the existence of the exclusive listing agreement and set forth as affirmative defenses fraud in the inducement, misrepresentation by the plaintiff and failure of consideration.

The court found for the plaintiff in the sum of $938.00 with interest and costs.

At the trial there was evidence tending to show the following:

On or about May 26, 1978, the plaintiff and the defendants entered into a written agreement whereby the defendants gave the plaintiff an exclusive right to sell their real estate. Previous to the execution of the agreement and independent of any efforts on the part of the plaintiff, two persons had executed and delivered to the defendants an option agreement governing the property in question. The option had expired at the time the exclusive listing agreement was signed. There was an understanding between the parties that the listing agreement could not be drawn so as to exclude the persons involved in the option agreement. On June 12, 1979, the defendants informed the plaintiff in writing that they were terminating the authorization to sell. On or about June 29, 1979, the property in question was transferred by the defendants to their attorney for nominal consideration. The property was then conveyed to the persons who had originally executed the option agreement for the sum of $54,000.00.

Judgment was entered on the docket in accordance with the court's finding for the plaintiff in the sum of $938.00. Although the entry of judgment was made on May 11, 1979, notice of the finding and judgment was not received by the attorney for the plaintiff until June 15, 1979. The plaintiff then filed a motion to amend judgment under Mass. R. Civ. P. 59(a), based upon the grounds that the damages assessed were inadequate as a matter of law in view of the finding for the plaintiff. From an order denying the motion to amend judgment, the plaintiff appealed:

1. Although the motion to amend judgment was untimely filed,[2] the plaintiff clearly had a remedy under Rule 60(b) for relief from judgment. "If the relief sought does not fit under Rule 59(e) or is made later than 10 days after judgment, it is considered to fall within Rule 60(b) which does not toll the appeal time." Smith & Zobel, **Rules Practice,** 8 Massachusetts Practice Series at p. 439 (Reporter's Comment). In the interests of a just and expeditious determination of this appeal, we treat this as a motion for relief from judgment under Mass. R. Civ. P. 60(b).

2. We hold that the damages were inadequate as a matter of law. The judge determined that the plaintiff was entitled to a finding in its favor. The propriety of that finding is not before us since the defendants did not appeal. The complaint alleged an express contract based upon a written exclusive listing agreement which provides for a broker's commission of 7% based upon the selling price. The property was sold for $54,000.00. Therefore the plaintiff (if entitled to recover at all) was entitled to a finding for $3780.00. There was no claim based on quantum meruit or other basis justifying a finding in any other amount. See, **Gaynor v. Laverdure,** 362 Mass. 828, 840 (1973).

The judgment for the plaintiff in the sum of $938.00 is to be vacated. A new judgment is to enter awarding the plaintiff $3780.00 plus interest and costs.[3]

So ordered.
Edward A. Lee, P.J.

[2]A motion to amend judgment must be filed within 10 days of the entry of judgment. Mass. R. Civ. P. 59(e).

[3]The plaintiff's argument that a net listing yielding $54,000.00 to the defendants would have involved a gross sale of $58,064.52, thus generating a broker's commission of $4064 52 misses the point that the agreement called for 7% based upon the actual sales price In other words this is not a net listing agreement